UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

DAMIEN LORELL GRAY,
                    Appellant,

            v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                    Agency.

DOCKET NUMBER
DC-3330-16-0148-I-1

DATE: November 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Damien Lorell Gray, North Chesterfield, Virginia, pro se.

Timothy O'Boyle, Hampton, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a 30% disabled veteran, filed an appeal in which he alleged that the agency's Richmond, Virginia Medical Center had violated his veterans' preference rights by failing to select him for 15 positions for which he had applied. Initial Appeal File (IAF), Tab 1 at 10-11. With his appeal, he submitted a letter from the Office of the Assistant Secretary for Veterans' Employment and Training at the Department of Labor (DOL) stating that it had closed its investigation into the appellant's complaint and affording him appeal rights to the Board. *Id.* at 7. The appellant requested a hearing before the Board. *Id.* at 2. In response to the administrative judge's jurisdictional order, IAF, Tab 2, the appellant provided additional information regarding the positions and his status as a preference eligible, IAF, Tab 3 at 4-7. The agency moved that the appeal be dismissed for lack of jurisdiction and/or because the appellant's claims had already been adjudicated in a prior appeal. IAF, Tab 6.

¶3        The administrative judge issued an initial decision on the written record. IAF, Tab 16, Initial Decision (ID). She first found that the appellant's nonselections for at least 10 of the 15 positions were the subject of another Board appeal and thus could not be relitigated under the doctrine of res judicata. ID

at 2. As to the remaining five positions, the administrative judge found that the appellant did not identify the positions or the vacancy announcements to which he was referring and that, because he had failed to provide such information, he had not established the Board's jurisdiction as to those positions. ID at 2-3. In addition, the administrative judge found that the appellant failed to explain how his right to compete was denied as to these positions and therefore had not stated a claim upon which relief could be granted. ID at 3.

¶4 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶5 On review, the appellant asserts that his first VEOA appeal did not address the same positions as those raised in the instant appeal. PFR File, Tab 1 at 4-5. The administrative judge in that earlier case found that the appellant had established the Board's jurisdiction over his appeal, *Gray v. Department of Veterans Affairs*, MSPB Docket No. DC-3330-15-0964-I-1, Initial Decision (Sept. 16, 2015),[2] but denied corrective action because the appellant did not show that he filed his claim with DOL within the 60-day statutory time deadline and failed to provide any explanation or evidence to show circumstances that would justify waiving the deadline. An examination of the initial decision in that earlier VEOA appeal does not, in fact, include a list of the positions to which it applies. However, with its response to the appellant's appeal in the instant case, the agency submitted not only a copy of the initial decision in his first VEOA appeal, but also documents from the record in that appeal, including a narrative in which the appellant listed the position numbers of the jobs for which he unsuccessfully applied and which were therefore at issue in that first appeal. IAF, Tab 5 at 45. Contrary to the appellant's assertion, 10 of those positions are the same as 10 of the positions and vacancy announcements at issue in the instant appeal. *Compare id.*, *with* IAF, Tab 3 at 5-6. Therefore, the doctrine of res judicata applies to

---

[2] That initial decision became a final decision of the Board on October 21, 2015, when neither party filed a petition for review.

preclude relitigation of the appellant's claims regarding those 10 positions. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995) (finding that res judicata, or issue preclusion, precludes parties from relitigating issues that were, or could have been, raised in a prior action, and is applicable if (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases). As such, the appellant's claims on review regarding his qualifications for these positions, PFR File, Tab 1 at 6, 8, may not be considered again.[3]

¶6        The appellant argues on review that he was denied a hearing. *Id.* The Board may decide a VEOA appeal on the merits without a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). The appellant has not shown that the administrative judge abused her discretion in not convening a hearing in this case.

¶7        Finally, with his petition, the appellant has submitted what he describes as two pages of "data compiled from Department of Labor Vets investigation." PFR File, Tab 1 at 14-15. These documents were part of the record below, IAF, Tab 11 at 7-8, and they are therefore not new evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[3] The appellant has not challenged with any specificity the administrative judge's findings regarding the remaining five positions.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.